[Cite as *State v. Hart*, 2017-Ohio-1246.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr, J. |
| -Vs- | : | |
| | : | |
| THOMAS M. HART | : | Case No. 2016CA0014 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Coshocton
Municipal Court, Case No.
CRB1500884

JUDGMENT:                                        Affirmed

DATE OF JUDGMENT:                        April 3, 2017

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

RICHARD J. SKELTON                       ROBERT E. WEIR
Assistant Law Director                        239 N. 4th Street
760 Chestnut Street                           Coshocton, Ohio 43812
Coshocton, Ohio 43812

JAMES R. SKELTON
Police Prosecutor
760 Chestnut Street
Coshocton, Ohio 43812

*Baldwin, J.*

{¶1}   Defendant-appellant Thomas M. Hart appeals his conviction and sentence from the Coshocton Municipal Court on one count of theft. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On December 2, 2015, appellant was charged with theft in violation of R.C. 2913.02(A) (1), a misdemeanor of the first degree. At his arraignment on May 19, 2016, appellant entered a plea of not guilty.

{¶3}   Subsequently, a bench trial was held on July 6, 2016. At the bench trial, Deputy Matt Woitel of the Coshocton County Sheriff's Office testified that, on November 20, 2015, he was dispatched to Dollar General in response to the theft of a Sega gaming system. The Deputy spoke with the manager, Heather Powell, who showed him a video. Powell told him that a man had come into the store on November 18th with his girlfriend, looked at the system and then left. The same man came back the next day wearing the same red sweatshirt and hat, walked in and grabbed the same Sega gaming system off of the shelf, and then walked out of camera view for a few minutes. He then came back without the Sega and left after paying for another item.  The Sega gaming system came up missing during an inventory on November 20. 2015. Videos from both November 18, 2015 and November 19, 2015 were played at trial.

{¶4}   Deputy Woitel testified that he spoke with appellant, who was wearing the same hat and who, in the video, was wearing the red sweatshirt, and that while appellant admitted to being in the store that day, he denied taking the item.  According to the Deputy, appellant told him that, on November 19, 2015, he put the gaming system down

in the deodorant aisle. The Deputy testified that the video showed that appellant had never entered the deodorant aisle. The game was never recovered. When asked at trial if he was able to identify appellant coming into the store on the videos, the Deputy answered affirmatively. He further testified that, on the video from November 19, 2015, there appeared to be something near the front pocket of appellant's sweatshirt.

{¶5} Heather Powell, the manager at Dollar General, testified that she reviewed the store's video system on November 20, 2015 and noticed that the Sega system was missing. After watching the video from the store, Powell observed that, on November 18, 2015, appellant was shopping with Eternity Tidrick and picked up the box that the system was in, talked to Tidrick about it, and then put the box back on the shelf. She testified that she then watched the video from the next night and that "it was the same person…that was with Eternity the night before" Transcript at 25. Powell testified that appellant came in, took the box off of the shelf, and went to another area. When he came back, appellant did not have the box. According to her, appellant never went to the deodorant aisle. Powell further testified that the videos showed that from the time appellant was in the store until the time the game was discovered missing, no one other than appellant touched a Sega game.

{¶6} At the conclusion of the testimony, appellant moved for a judgment of acquittal. The trial court overruled appellant's motion and found appellant guilty. The trial court, as memorialized in a Judgment Entry filed on July 6, 2016, sentenced appellant to 60 days in jail, but suspended 50 of those days provided that appellant complied with specified conditions, The trial court also fined appellant $250.00 and ordered him to pay restitution in the amount of $49.00 to Dollar General.

**{¶7}** Appellant now raises the following assignments of error on appeal:

**{¶8}** THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S CRIM.R. 29 MOTION FOR JUDGMENT OF ACQUITTAL FOLLOWING APPELLEE'S CASE-IN-CHIEF.

**{¶9}** THE DECISION OF THE TRIAL COURT, FINDING APPELLANT GUILTY, WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE.

**{¶10}** THE DECISION OF THE TRIAL COURT, FINDING APPELLANT GUILTY, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## I, II, III

**{¶11}** Appellant, in his first assignment of error, argues that the trial court erred in denying his Crim.R. 29 motion for judgment of acquittal. While appellant, in his second assignment of error, contends that his conviction for theft was against the sufficiency of the evidence, in his third assignment of error he maintains that his conviction was against the manifest weight of the evidence.

**{¶12}** A Crim. R. 29(A) motion for acquittal tests the sufficiency of the evidence presented at trial. *State v. Blue,* 5th Dist. Stark No.2001CA00250, 2002–Ohio–351, citing *State v. Williams,* 74 Ohio St.3d 569, 576, 1996-Ohio-91, 660 N.E.2d 724; *State v. Miley,* 114 Ohio App.3d 738, 742, 684 N.E.2d 102 (4th Dist.1996). Crim. R. 29(A) allows a trial court to enter a judgment of acquittal when the state's evidence is insufficient to sustain a conviction. A trial court should not sustain a Crim. R. 29 motion for acquittal unless, after viewing the evidence in a light most favorable to the state, the court finds no rational finder of fact could find the essential elements of the charge proven beyond a reasonable

doubt. *State v. Franklin,* 5th Dist. Stark No.2007–CA–00022, 2007–Ohio–4649 at ¶ 12, citing *State v. Dennis,* 79 Ohio St.3d 421, 1997–Ohio–372, 683 N.E.2d 1096.

{¶13} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶14} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." Id.

{¶15} Appellant was convicted of theft in violation of R.C. 2913.02(A)(1) which states as follows: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent;.." Appellant now contends that the evidence was insufficient to convict him of theft because there were no eyewitnesses to any theft, the videos do not show appellant stealing any items, and the missing Sega game may have been in any number of places in the Dollar General store. Appellant also notes that no witness identified appellant as the male in the videos and neither individual who testified at trial was asked whether or not the person in the video was sitting in appellant's chair.

{¶16} In the case sub judice, video showed a man looking at a Sega gaming system on November 18, 2015. The same man was shown on a separate video from November 19, 2015 grabbing the same Sega gaming system off of the shelf and walking out of camera view. The man, who wore the same red sweatshirt and black baseball hat on both days, came back without the Sega, paid for another item and then left the store. At trial, Deputy Woitel testified that he was able to identify appellant coming into the store on November 19, 2015 from the video. Heather Powell, the store manager, testified that no one touched the Sega between the time appellant came in on November 19, 2015 and the time she discovered it missing on November 20, 2015. When questioned by Deputy Woitel, appellant, who was wearing the same hat, denied taking the Sega gaming system and stated that he had left it in the deodorant aisle. However, the video showed that appellant never entered the deodorant aisle. Moreover, the video from November 19, 2015 showed something near the front pocket of appellant's sweatshirt.

{¶17} Based on the foregoing, we find that, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime of theft proven beyond a reasonable doubt. We further find that the trial court did not lose its way in convicting appellant of theft.

{¶18} Appellant's three assignments of error are, therefore, overruled.

{¶19} Accordingly, the judgment of the Coshocton Municipal Court is affirmed.

By: Baldwin, J.

Gwin, PP. and

Wise, Earle, J. concur.